# UNITED STATES DISTRICT COURT

for the

### SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL TWAROGAL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) | COMPLAINT – CLASS ACTION |
| Plaintiff, | ) ) | **1:12 -cv- 0 9 3 2 WTL -MJD** |
| v. | ) ) | CAUSE NO. |
| CREDIGY RECEIVABLES, INC., | ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Michael Twarogal, individually and on behalf of all others similarly situated, by counsel, hereby brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), for a finding that Defendant violated the FDCPA, and to recover damages for those violations, and in support thereof says and alleges:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction pursuant to 15 USC § 1692k(d) of the FDCPA.

2.     Venue is proper in this District because: (a) the acts and transactions occurred here; (b) Plaintiff resides here; and (c) Defendant transacts business here.

### PARTIES

3.     Plaintiff, Michael Twarogal ("Mr. Twarogal"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

4.      Defendant, Credigy Receivable, Inc. ("Credigy") is a Nevada corporation, with its principal place of business located in Las Vegas, Nevada. Credigy does business in the State of Indiana and in the Southern District of Indiana. Specifically, Credigy engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5.      Credigy is a corporation that regularly attempts to collect debts from consumers.

6.      Credigy acts as a debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

7.      Credigy is not licensed as a collection agency in Indiana and does not hold a license issued by the Indiana Department of Financial Institutions.

8.      First Select, Inc. ("First Select"), obtained a judgment against Mr. Twarogal in the Monroe County Circuit Court, State of Indiana, on August 7, 2001, which judgment was for a Discover credit card debt.

9.      Credigy was assigned the judgment obtained by First Select on August 10, 2011, which assignment was subsequently filed with the Monroe Circuit Court on September 21, 2011. A true and accurate copy of the Assignment of Judgment is attached hereto as Exhibit A.

10.     Pursuant to the assignment, Credigy has attempted to collect the debt from Mr. Twarogal.

11.     On June 18, 2012, Credigy filed a Verified Motion for Proceedings Supplemental in the Monroe Circuit Court to attempt to garnish Mr. Twarogal's wages.

A true and accurate copy of the June 18, 2012 Motion for Proceedings Supplemental is

attached hereto as Exhibit B.

## CLASS COUNT I

### Violation of 15 U.S.C. § 1692e(2)(A) and e(10)
### False or Misleading Representations

12.     Mr. Twarogal hereby adopts and re-alleges paragraphs one (1) through

eleven (11) of his complaint.

13.     15 U.S.C. § 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
> > (2) The false representation of—
> > > (A) the character, amount, or legal status of any debt; or
> > > [*Part B omitted.*]

> [AND]

> > (10) The use of any false representation or deceptive means to
> > collect or attempt to collect any debt or to obtain information
> > concerning a consumer.

14.     The original Discover credit card debt at issue in the Monroe County

collection case is a consumer loan debt as defined by Indiana Code 24-4.5-1-301.5 and

24-4.5-3 et seq.

15.     Pursuant to Indiana Code 24-4.5-3-502:

> (1) A person that is a:
> > (a) depository institution;
> > (b) subsidiary that is owned and controlled by a depository
> > institution; or
> > (c) credit union service organization;
> may engage in the making of consumer loans that are not mortgage
> transactions without obtaining a license under this article.

(2) A collection agency licensed under IC 25-11-1 may engage in:
     (a) taking assignments of consumer loans in Indiana; and
     (b) undertaking direct collection of payments from or enforcement
     of rights in Indiana against debtors arising from consumer loans;
without obtaining a license under this article.

(3) A person that does not qualify under subsection (1) or (2) shall acquire
and retain a license under this article in order to regularly engage in
Indiana in the following actions with respect to consumer loans that are
not mortgage transactions:
     (a) The making of consumer loans.
     (b) Taking assignments of consumer loans.
     (c) Undertaking direct collection of payments from or enforcement
     of rights against debtors arising from consumer loans.

(4) A separate license under this article is required for each legal entity
that engages in Indiana in any activity described in subsection (3).
However, a separate license under this article is not required for each
branch of a legal entity licensed under this article to perform an activity
described in subsection (3).

16.    Credigy is not a licensed collection agency, depository institution,

subsidiary of a depository institution, or a credit union service organization, and is not

licensed by the Indiana Department of Financial Institutions.

17.    Under Indiana law as defined by I.C. 24-4.5-3-502, Credigy had no legal

authority to accept assignment of the First Select judgment and no right to file a motion

for proceedings supplemental to garnish Mr. Twarogal's wages.

18.    Credigy's collection activities against Mr. Twarogal violate

15 U.S.C. § 1692e(2)(A) and e(10) of the FDCPA as Credigy falsely represented to Mr.

Twarogal its legal ability to collect the First Select judgment and actually took collection

action that it was not entitled to take under Indiana law.

19.    Credigy's illegal debt collection actions are operative to the class as a

whole as further alleged herein.

20.    Credigy's violation of 15 USC § 1692e(2)(A) and e(10) of the FDCPA

renders it liable for actual and statutory damages, class action damages, costs, and

reasonable attorneys fees pursuant to 15 USC § 1692k of the FDCPA.

## CLASS COUNT II

### Violation of 15 U.S.C. § 1692f(1)
### Unfair Practices

21.    Mr. Twarogal hereby adopts and re-alleges paragraphs one (1) through

twenty (20) of his complaint.

22.    15 U.S.C. § 1692f provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or
> attempt to collect any debt. Without limiting the general application of the
> foregoing, the following conduct is a violation of this section:
> > (1) The collection of any amount (including any interest, fee,
> > charge, or expense incidental to the principal obligation) unless
> > such amount is expressly authorized by the agreement creating the
> > debt or permitted by law.

23.    Credigy is not a licensed collection agency, depository institution,

subsidiary of a depository institution, or a credit union service organization, and is not

licensed by the Indiana Department of Financial Institutions.

24.    Under Indiana law as defined by I.C. 24-4.5-3-502, Credigy had no legal

authority to accept assignment of the First Select judgment and no right to file a motion

for proceedings supplemental to garnish Mr. Twarogal's wages.

25.    Credigy's collection activities against Mr. Twarogal violate

15 U.S.C. § 1692f in general, and §1692f(1) specifically, of the FDCPA as Credigy's

practice of taking assignment of consumer loan debts and attempting to collect upon such

debts in violation of the requirements of I.C. 24-4.5-3-502 is an unfair collection practice.

26.     Credigy's illegal debt collection actions are operative to the class as a whole as further alleged herein.

27.     Credigy's violation of 15 USC § 1692f(1) of the FDCPA renders it liable for actual and statutory damages, class action damages, costs, and reasonable attorneys fees pursuant to 15 USC § 1692k of the FDCPA.

## CLASS ACTION ALLEGATIONS

28.     Mr. Twarogal hereby adopts and re-alleges paragraphs one (1) through twenty-seven (27) of his complaint.

29.     Mr. Twarogal brings this action on his own behalf and as a class action on behalf of all similarly situated Indiana residents from whom Credigy attempted to collect a delinquent consumer debt through assignment of the debt and by taking collection actions in violation of Indiana law as further alleged herein within one year of the date of filing of this lawsuit. This cause of action involves and includes Credigy's collection activities and the attached Exhibits to this Complaint as referred to in Counts I and II of this Complaint. This action seeks a ruling that Credigy's collection actions violated the FDCPA, and asks that the Court award injunctive relief and damages as authorized by 1692k(a)(2) of the FDCPA.

30.     The members of the class are so numerous that joinder of all members is impractical. Mr. Twarogal believes that there are more than One Hundred (100) individuals whose claims would be similar to his claim.

31.     Mr. Twarogal's claims are typical to the class. Common questions of law or fact raised by this class action complaint affect all members of the class and

predominate over any individual issues. Common relief is therefore sought on behalf of all members of the class. This class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.     Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class.

33.     Prosecuting separate actions by or against individual class members would create a risk of adjudication with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

34.     Credigy has acted in a manner that applies generally to the class so that final injunctive and declaratory relief is appropriate respecting the class as a whole.

35.     Mr. Twarogal will fairly and adequately protect and represent the interests of the class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the class because Credigy's conduct was perpetrated on all members of the class and will be established by common proof. Additionally, Mr. Twarogal has retained counsel experienced in litigating FDCPA issues who are capable of handling this class action brought under the FDCPA.

## REQUEST FOR RELIEF

Plaintiff, Michael Twarogal, individually and on behalf of all others similarly situated, hereby requests that the Court:

1.      Certify this action as a class action;

2.      Appoint Michael Twarogal as representative of the class and his attorneys as class counsel;

3.      Find that the Defendant Credigy Receivables, Inc.'s debt collection actions violate the FDCPA;

4.      Enter Judgment in favor of Plaintiff, Michael Twarogal, and the Class, and against Credigy Receivables, Inc., for actual damages, statutory damages, class action damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. §1692k of the FDCPA;

5.      Grant injunctive relief prohibiting Credigy Receivables, Inc., from taking assignment of, and/or taking collection action to enforce, consumer loan debts in the State of Indiana until such time as the Defendant complies with relevant Indiana law as further alleged herein; and

6.      Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Michael Twarogal, individually and on behalf of all others similarly situated, demands trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.

_____
Joseph B. Walterman, Esq. (24436-49)

_____
C. Warren Nerz, Esq. (16152-49)

NERZ WALTERMAN, P.C.
5144 East Stop 11 Road, Suite 20
Indianapolis, Indiana  46237
317-885-7500
jbwalterman@nerzwalterman.com
cwnerz@nerzwalterman.com